IN  THE  UNITED  STATES  DISTRICT  COURT

FOR  THE  EASTERN  DISTRICT  OF  PENNSYLVANIA


KEVIN FITZPATRICK                        :CIVIL ACTION
2019 Walnut Street
Phila PA  19103                          NO. _____

        vs.                              :   **JURY TRIAL DEMANDED**

JA-TAIL ENTERPRISES, LLC d/b/a
JA-TAIL RECORDS
8306 Wilshire Blvd., #528
Beverly Hills, CA  90211     and     :

JA-TAIL RECORDS, LLC a/k/a
JA TRAIL RECORDS, LLC
8306 Wilshire Blvd., #528
Beverly Hills, CA 90211      and     :

JEFFRE PHILLIPS
8306 Wilshire Blvd., #528
Beverly Hills, CA 90211      and
                                     :
LATOYA JACKSON
8306 Wilshire Blvd., #528
Beverly Hills, CA 90211
_____ ___


**CIVIL COMPLAINT**


**A. JURISDICTION and VENUE**

        1.  Jurisdiction is based upon diversity of citizenship, to

wit, 28 U.S.C. Sec. 1332.

        2.  Venue is proper here under applicable statute.


**B.  THE PARTIES**

        3.  Plaintiff KEVIN FITZPATRICK ("FITZPATRICK")is a private

1

adult individual doing business at the above address; FITZPATRICK is also the assignee of the rights of Danielle Fitzpatrick to the subject Agreement giving rise to this action.

4.  Defendant JA-TAIL ENTERPRISES, LLC d/b/a JA-TAIL RECORDS (hereinafter "JA-TAIL 1") is a domestic limited liability company with its principal place of business located at the above address.

5.  Defendant JA-TAIL RECORDS, LLC a/k/a JA TRAIL RECORDS, LLC (hereinafter "JA-TAIL 2") is a domestic limited liability company with its principal place of business located at the above address.

6.  Defendant JEFFRE PHILLIPS (hereinafter "PHILLIPS") is a private adult individual doing business at the above address; defendant PHILLIPS is the principal and managing member of defendant limited liability companies.

7.  Defendant LATOYAL JACKSON (hereinafter "JACKSON") is a private adult individual doing business at the above address; defendant JACKSON is the partner and/or business associate of co-defendant PHILLIPS, and is affiliated with the defendant limited liability companies; defendant JACKSON is also the spouse, fiancé, or "significant other" of co-defendant PHILLIPS.

8.  At all times material hereto, the defendants acted individually on their own behalves,, and/or through the acts of their agents, servants, employees, representatives, officers, and

the like, acting within their course of employment and scope of
duties.

## C. FACTUAL BACKGROUND

9.   Plaintiff Kevin Fitzpatrick, along with his wife at the
time, Danielle Fitzpatrick, entered into an agreement with
defendant Ja-Tail Records, dated "as of the 21st day of October,
2005", which agreement is entitled, "CONTRACTUAL AGREEMENT FOR LA
TOYA JACKSON'S STARTIN' OVER CD" (hereinafter referred to as "The
Agreement".  A copy of The Agreement is attached hereto as
Exhibit A and incorporated by reference as though fully set forth
herein and made a part hereof.

10.  The salient terms of the Agreement provided for
plaintiff to pay defendant One Hundred Thousand Dollars
($100,000), which funds were to be specifically used to develop,
produce, manufacture, promote and market an album featuring co-
defendant JACKSON entitled, "Startin' Over".

11.  In consideration for the $100,000 payment to defendant,
defendant agreed to equally split profits on the subject album
with plaintiff on a 50%-50% basis, until full recoupment of the
$100,000, and thera_fter, defendant agreed to pay plaintiff One
Dollar ($1.00) for each album sold, with a cap at $30,000.

12.  On or about October 24, 2005, plaintiff dutifully paid
defendants JA-TAIL 1 and JA-TAIL 2 the contractually agreed upon
sum of $100,000.

3

13.   Thereafter, from 2007 through January 2014, defendants PHILLIPS, JA-TAIL 1, and JA-TAIL 2 have continued to promise to pay plaintiff the sum of One Hundred and Fifty Thousand Dollars ($150,000), which defendant PHILLIPS represented as being $100,000 recoupment on the sum paid by plaintiff to defendant, and an additional sum $50,000, being the additional sum owed to plaintiff as admitted by defendants PHILLIPS, JA TAIL 1 and JA TAIL 2.

14.   To date, plaintiff has not received one cent from defendants, despite PHILLIPS' repeated promises to pay plaintiff.

15.   Defendants' non-failure to pay prompted plaintiff to retain counsel, and in February 2014 plaintiff's counsel demanded payment from defendants PHILLIPS and JA-TAIL 1, which demand was rebuffed by defendants' legal counsel; this action ensues.

## D. CAUSES OF ACTION

### COUNT ONE: RESCISSION- FRAUD IN THE INDUCEMENT

### (AGAINST DEFENDANTS JA-TAIL 1, JA-TAIL 2 AND PHILLIPS)

16.   Under the terms of The Agreement, defendants were obligated to use the $100,000 funds for the specific purpose of recording and releasing JACKSON's LP, "Startin' Over".

17.   The funds were not used for this purpose, but were used by defendant for other purposes; upon information and belief, the funds were co-mingled with defendant PHILLIPS's funds.

18.   Defendants PHILLIPS, JA-TAIL 1 and JAIL-2 fraudulently

4

induced plaintiff to pony up the $100,000 upon the false
representation that the funds would be used for the "Startin'
Over" album, and plaintiff justifiably relied upon said false
representation, which prompted him to pay said defendants t5he
$100,000.

19.  Further, defendants PHILLIPS, JA-TAIL 1 and JA-TAIL-2
concealed the fraudulent misrepresentation by falsely leading
plaintiff to believe, from 2007 through 2014, that the funds were
used, in fact, for their intended purposes, and that plaintiff
would receive $150,000.

20.  Plaintiff is entitled to rescind The Agreement and
obtain from said defendants return of his $100,000, thereby
returning the parties to their status quo; further, plaintiff is
entitled to punitive damages due to said defendants' outrageous
conduct; plaintiff is further entitled to interest and reasonable
counsel fees.

WHEREFORE, on COUNT ONE plaintiff FITZPATRICK respectfully
demands judgment in his favor, and against defendants JA-TAIL 1,
JA-TAIL 2, and PHILLIPS, jointly and severally, as follows:

1.  For a Court Order rescinding The Agreement;

2.  For return to plaintiff, by defendants, of One Hundred
Thousand Dollars ($100,000);

3. For punitive damages to be determined by the judge or jury;

4.  For interest at the statutory rate from October 24, 2005;

5.  For costs;

6.  For such other relief as this Court may deem proper.

### COUNT TWO: BREACH OF EXPRESS WRITTEN AGREEMENT

### (AGAINST DEFENDANTS JA-TAIL 1, JA-TAIL 2 AND PHILLIPS)

21.  Paragraph 1 through 20 are incorporated by reference as though fully set forth herein and made a part hereof.

22. Defendants JA-TAIL 1, JA-TAIL 2, and PHILLIPS materially breached The Agreement by, inter alia. failing to utilize the funds as provided for in The Agreement.

23. As a result of said material breach, plaintiff has been damaged in the amount of $100,000.

24.  Said defendants are liable to plaintiff for material breach of express written agreement.

WHEREFORE, on COUNT TWO plaintiff FITZPATRICK respectfully demands judgment in his favor, and against defendants JA-TAIL 1, JA-TAIL 2, and PHILLIPS, jointly and severally, as follows:

1.  For compensatory damages of One Hundred Thousand Dollars ($100,00);

2.  For interest at the statutory rate from October 24, 2005;

3.  For costs;

4.  For such other relief as this Court may deem proper.

### COUNT THREE: BREACH OF EXPRESS WRITTEN AGREEMENT-

### THIRD PARTY BENEFICIARY

### (AGAINST DEFENDANT JACKSON ONLY)

6

25.  Paragraph 1 through 24 are incorporated by reference as though fully set forth herein and made a part hereof.

26.  Defendant JACKSON was the intended third party beneficiary of The Agreement.

27.  Defendant JACKSON had actual and/or constructive knowledge of the terms of The Agreement.

28.  Defendant JACKSON is liable to plaintiff as an intended third party beneficiary.

WHEREFORE, on COUNT THREE plaintiff FITZPATRICK respectfully demands judgment in his favor, and against defendant JACKSON as follows:

1.  For compensatory damages of One Hundred Thousand Dollars ($100,00);

2.  For interest at the statutory rate from October 24, 2005;

3.  For costs;

4.  For such other relief as this Court may deem proper.

### COUNT FOUR: BREACH OF IMPLIED-IN-LAW AGREEMENT

### UNJUST ENRICHMENT/QUASI-CONTRACT

### (AGAINST ALL DEFENDANTS)

29.  Paragraph 1 through 28 are incorporated by reference as though fully set forth herein and made a part hereof.

30.  There existed an implied-in-law, quasi-contract between plaintiff and defendants.

31.  Defendants were unjustly enriched as a result of

plaintiff's payment to defendants of $100,000.

32.   As a result of defendants' unjust enrichment, defendants have received $100,000 from plaintiff, and have also receiverd potentially additional profits from whatever business ventures, if any, defendants profited from through the use of plaintiff's funds.

33.   Defendants are liable to plaintiff for breach of implied-in-law, quasi-contract.

WHEREFORE, on COUNT FOUR plaintiff FITZPATRICK respectfully demands judgment in his favor, and against all defendants, jointly and severally, as follows:

1.   For compensatory damages in excess of One Hundred Thousand Dollars ($100,00);

2.   For interest at the statutory rate from October 24, 2005;

3.   For costs;

4.   For such other relief as this Court may deem proper.

### COUNT FIVE: PROMISSORY ESTOPPEL

### (AGAINST JA-TAIL 1, JA-TAIL 2, AND PHILLIPS)

34.   Paragraph 1 through 33 are incorporated by reference as though fully set forth herein and made a part hereof.

35.   During or about October 2005, defendants JA-TAIl 1, JA-TAIL 2 and PHILLIPS promised plaintiff that upon plaintiff's payment to said defendants of $100,000, that they would utilize the funds to produce, manufacture, promote and market the

aforepleaded JACKSON album, and further, that plaintiff would receive a sum of not less than $100,000 nor more than $150,000.

36.  Defendants further promised that they would keep plaintiff apprised of all developments in regard to the production, manufacturing and release of the subject album.

37. Plaintiff justifiably relied upon said defendants promises, and paid said defendants the lump sum of One Hundred Thousand Dollars ($100,000).

38. Thereafter, said defendants repeatedly promised to pay plaintiff $150,000, thereby continuously assuring, and re-assuring plaintiff that the funds would be forthcoming; further, plaintiff dutifully and loyally refrained from retaining legal counsel to proceed against defendants, based upon the aforestated repeated promises to plaintiff.

39.  Said defendants breached their promises by failing to use the funds as promised, by failing to keep plaintiff apprised as promises, and by failing to pay plaintiff any funds in consideration for the $100,000 paid to them.

40.  Said defendants are liable to plaintiff under the theory of promissory estoppel.

WHEREFORE, on COUNT FIVE plaintiff FITZPATRICK respectfully demands judgment in his favor, and against defendants JA-TAIL 1, JA-TAIL 2, and PHILLIPS, jointly and severally, as follows:

1.  For compensatory damages of One Hundred Fifty Thousand Dollars ($150,000);

2.  For interest at the statutory rate from October 24, 2005;

3.  For costs;

4.  For such other relief as this Court may deem proper.

### COUNT SIX: BREACH OF IMPLIED-IN-FACT AGREEMENT

### (AGAINST JA-TAIL 1, JA-TAIL 2, AND PHILLIPS)

41.  Paragraph 1 through 40 are incorporated by reference as though fully set forth herein and made a part hereof.

42.  There existed an implied-in-fact agreement between and amongst plaintiff FITZPATRICK and defendants JA-TAIL 1, JA-TAIL 2, and PHILLIPS, which provided in relevant part that upon plaintiff's payment to said defendants of the sum of $100,000, that the funds would be utilized towards the creation and commercialization of the JACKSON album, as aforepleaded.

43. This implied-in-fact agreement further provided for plaintiff to receive the sum of $150,000 in consideration for the $100,000 paid to said defendants and for plaintiff's patience in refraining from retaining legal counsel to proceed against defendants.

44.  Said defendants materially breached said implied-in-fact agreement, causing damages to plaintiff.

45.  Based upon the conduct of the parties, which gives rise to the existence of an implied-in-fact agreement, said defendants

are liable to plaintiff for breach of implied-in-fact agreement.

WHEREFORE, on COUNT SIX plaintiff FITZPATRICK respectfully demands judgment in his favor, and against defendants JA-TAIL 1, JA-TAIL 2, and PHILLIPS, jointly and severally, as follows:

1.  For compensatory damages of One Hundred Fifty Thousand Dollars ($150,000);

2.  For interest at the statutory rate from October 24, 2005;

3.  For costs;

4.  For such other relief as this Court may deem proper.

## COUNT SEVEN: ACCOUNT STATED

## (AGAINST JA-TAIL 1, JA-TAIL 2, AND PHILLIPS)

46.  Paragraph 1 through 45 are incorporated by reference as though fully set forth herein and made a part hereof.

47.  Defendants JA-TAIL 1, JA-TAIL 2 and PHILLIPS acknowledged the existence of an account stated, owing to plaintiff in ths sum of One Hundred Fifty Thousand Dollars ($150,000).

48.  Plaintiff confirmed the existence of the account stated through communications with said defendants through January 2014.

49.  Both parties examined the account stated, and mutually accepted the correctness of the account, in the sum of $150,000.

50.  Defendants are liable to plaintiff for the account stated in the sum of $150,000 for failure to pay any sums on the

11

account stated.

WHEREFORE, on COUNT SEVEN plaintiff FITZPATRICK respectfully demands judgment in his favor, and against defendants JA-TAIL 1, JA-TAIL 2, and PHILLIPS, jointly and severally, as follows:

1.  For compensatory damages of One Hundred Fifty Thousand Dollars ($150,000);

2.  For interest at the statutory rate from October 24, 2005;

3.  For costs;

4.  For such other relief as this Court may deem proper.

### COUNT EIGHT: FRAUD, DECEIT, MISREPRESENTATION

### (AGAINST JA-TAIL 1, JA-TAIL 2, AND PHILLIPS)

51.  Paragraph 1 through 50 are incorporated by reference as though fully set forth herein and made a part hereof.

52.  Defendants JA-TAIL 1, JA-TAIL 2, and PHILLIPS committed actionable fraud against plaintiff by falsely representing to plaintiff that if plaintiff paid them $100,000, that the funds would be specifically used to produce, manufacture, and release JACKSON's LP for commercial exploitation.

53.  Said funds were not used as per said defendants' representations, but instead, upon information and belief the funds were used for the benefit of said defendants' own devises.

54.  Defendants' representations to plaintiff that they would repay plaintiff were false- defendants had no intent to repay plaintiff at all.

55. Defendants are liable to plaintiff for fraud, deceit and misrepresentation.

56. Defendants' conduct was outrageous, committed intentionally, willfully, wantonly and with reckless disregard for plaintiff and plaintiff's rights, thereby entitling plaintiff to an award of punitive damages.

WHEREFORE, on COUNT EIGHT plaintiff FITZPATRICK respectfully demands judgment in his favor, and against defendants JA-TAIL 1, JA-TAIL 2, and PHILLIPS, jointly and severally, as follows:

1.  For damages in tort in the sum of One Hundred Thousand Dollars ($100,000);

2. For punitive damages to be determined by the judge or jury;

3.  For interest at the statutory rate from October 24, 2005;

4.  For costs;

5.  For such other relief as this Court may deem proper.


Dated: September 5, 2014        Respectfully submitted,


                                /Simon Rosen, Esq./ (#6279)

                                Attorney ID 38603

                                Counsel for Plaintiff

                                Law Office of Simon Rosen
                                2019 Walnut Street
                                Phila PA 19103

                                Tel.(215)564-0212
                                Fax (215)893-3900
                                simononkey@aol.com

13